# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**CLOVIS WITT, #65012**  **PETITIONER**

**VERSUS**  **CIVIL ACTION NO. 3:05CV87-B-A**

**MARGARET BINGHAM, ET AL.**  **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Clovis Witt for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Posture

On April 18, 1996, the Circuit Court of Montgomery County, Mississippi, entered judgment against the petitioner pursuant to a guilty plea for armed robbery; the court sentenced the petitioner to serve twenty-five years in the custody of the Mississippi Department of Corrections. There is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. The petitioner filed a "Motion For A New Sentencing Hearing Under The Mississippi Uniform Post-Conviction Collateral Relief Act" in the trial court on April 15, 1999. The court denied the motion on April 19, 1999, and the court of appeals affirmed the decision of the trial court on August 15, 2000. *Witt v. State*, 781 So. 2d 135 (Miss. App. 2000)(Cause No. 1999-CP-00864-COA), *reh'g. denied*, November 28, 2000, *cert. denied*, March 15, 2001. The petitioner filed a successive state post-conviction motion on May 4, 2001, alleging the discovery of new evidence.

The trial court denied the motion May 21, 2001. The court of appeals affirmed the decision of the trial court. *Witt v. State*, 878 So. 2d 175 (Miss. App. 2004)(2002-CP-01929-COA), *reh'g. denied*, April 27, 2004, *cert. denied*, July 29, 2004. The petitioner filed the instant federal petition for a writ of *habeas corpus* July 11, 2005.

**Discussion**

The petitioner's conviction became final on May 18, 1996, thirty days after he was sentenced on his guilty plea. *Acker v. State*, 797 So.2d 966 (Miss. 2001). Therefore, the deadline for the petitioner to submit a properly filed state application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) – and thus toll the federal one-year statute of limitations – was May 19, 1997.[1] *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). The petitioner did not meet the deadline as the petition was filed 696 days after that deadline expired; the petitioner thus did not enjoy the benefit of statutory tolling. The petitioner's May 4, 2001, successive state post-conviction motion alleging the discovery of new evidence arrived at the state court 1,446 days after the May 19, 1997, federal *habeas corpus* deadline; thus, it was did not trigger tolling of the federal limitations period, either.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was thus filed sometime between the date it was signed on July 6, 2005, and the date it was received and

---

[1] The actual due date would have been May 18, 1997, which was a Sunday; therefore, Witt would have had until the next business day, Monday, May 19, 1997, to file his federal petition for a writ of *habeas corpus*.

stamped as "filed" in the district court on July 11, 2005.  Thus the instant petition was filed 2,970 days to 2,975 days after the May 19, 1997, filing deadline.  The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling.  *Ott v. Johnson,* 192 F.3d at 513-14.  The instant petition shall thus be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 11th day of March, 2006.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE